IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARA D. DICKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Case No. CIV-13-442-HE |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for benefits under the Social Security Act. This matter was referred for hearing, if necessary, and submission of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B), 636(b)(3), and Fed. R. Civ. P. 72(b). The administrative record (Tr.) has been filed, and the appeal has been fully briefed and is ready for disposition. For the reasons set forth below, the undersigned recommends the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

## I. THE DECISION UNDER REVIEW

This appeal concerns a decision reached at step five of the sequential evaluation process. In a decision issued on December 13, 2011, the administrative law judge (ALJ) found that Plaintiff was not disabled under the Social Security Act and therefore not entitled to benefits. (Tr. 17). The ALJ found Plaintiff to have the following severe impairments: depression; anxiety; personality disorder; and migraine headaches. (Tr. 12). However, he found that none of these impairments met or equaled the criteria for any of the listed impairments in 20 C.F.R. § Part 404, Subpart P, Appendix 1. (Tr. 14). The ALJ found that Plaintiff's physical impairments were not severe. *Id.*

Upon continuing the sequential analysis, the ALJ found Plaintiff to have the residual functional capacity (RFC) to perform a range of light work, described as follows: "[T]he claimant has the residual functional capacity to perform light work . . . except she only has concentration for unskilled work, needs to work in relative isolation with limited contact with peers, coworkers and general public." (Tr. 15).

The ALJ found that Plaintiff has no past relevant work. Based upon his RFC finding, the ALJ found that Plaintiff could perform other jobs existing in the national economy. (Tr. 16-17). In reaching this finding, the ALJ relied on the testimony of a vocational expert (VE) and, as a framework, the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appx. 2. (Tr. 17). The VE identified the following representative jobs that a person with Plaintiff's RFC and vocational factors could perform: textile sewing machine operator; small parts assembler; and motel cleaner. *Id.*

## II. ERRORS ALLEGED ON APPEAL

In this appeal, Plaintiff alleges that the ALJ erred in two respects. First, she claims that the ALJ failed to properly evaluate the opinions evidence of Plaintiff's mental health counselor, Rebecca L. Koecker Livesay, MHR, LPC-S, RPT-S. ECF No. 15:6. Second, Plaintiff contends that the ALJ failed to discuss uncontroverted and significantly probative evidence that conflicted with his findings.

### A. The ALJ's Treatment of the Evidence of Rebecca Livesay

Plaintiff first argues that the ALJ did not perform an appropriate evaluation of evidence provided by Plaintiff's mental health counselor, Ms. Livesay. ECF No. 15:6. Plaintiff contends that the ALJ did not follow the specific criteria for evaluation of non-acceptable medical sources. ECF No 15:6. While conceding that a medical professional's lack of qualification as an "acceptable medical source" may be considered by the ALJ, Plaintiff points out that a non-acceptable medical source's opinion might outweigh that of an "acceptable medical source" in certain situations. ECF No. 15:7.

The Plaintiff directs the Court's attention to SSR 06-3p. In this ruling, the Social Security Administration acknowledged that an increasing number of claimants are receiving treatment from medical sources that are not considered to be acceptable medical sources under its rules. The agency has noted:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of

> the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, which are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file.

SSR 06–03p, 2006 WL 2329939, at *3. Thus, despite the fact that Ms. Livesay is not an acceptable medical source, Plaintiff argues that the ALJ was required to consider the evidence, which she provided:

> [W]e consider all relevant evidence in the case record when we make a determination or decision about whether the individual is disabled. Evidence includes, but is not limited to, opinion evidence from "acceptable medical sources," medical sources that are not "acceptable medical sources," and "non-medical sources" that have seen the individual in their professional capacity. The weight to which such evidence may be entitled will vary according to the particular facts of the case, the source of the opinion, including that source's qualifications, the issue(s) that the opinion is about, and many other factors, as described below.

*Id.* at *4. These factors include the length and frequency of the claimant's relationship with the source, the evidentiary support for the opinion, the source's explanation of the opinion, and the source's specialty or expertise. *Id.* Underscoring the requirement that all medical source opinion evidence must be addressed, the Ruling states:

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources that are not "acceptable medical sources" and from "non-medical sources" that have seen the claimant in their professional capacity. Although there is a distinction between what the adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to

4

> opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

*Id.* at *6.

In applying these standards to the opinions of Ms. Livesay, Plaintiff points out several alleged problems in the ALJ's analysis. The ALJ summarized his findings regarding the mental status forms prepared by Ms. Livesay, stating: [t]he undersigned gives little weight to the mental status forms . . . as they were [sic] completed or reviewed by a psychiatrist or psychologist and are not supported by the total evidence of record." (Tr. 16). However, Plaintiff argues that the finding that Ms. Livesay's opinions were not supported by the "total evidence of record" was not only vague but also incorrect. ECF No. 15:10. The Plaintiff then goes on to recite evidence that was not discussed by the ALJ in making this finding.

For example, the ALJ never mentioned the fact that Ms. Dickson's visits to Ms. Livesay from November 2007 through June 2010 were for persistent symptoms like depression, anxiety, anger, irritability, frustration, and flashbacks. ECF No. 15:10. Ms. Livesay also noted delusions, poor motivation, and interpersonal conflict. ECF No. 15:10-11 (citing Tr. 196-276, 414-431). During her sessions with Ms. Livesay, Plaintiff argues that she was consistently found to have objective abnormalities like depressed, angry, tense, anxious, overwhelmed, worried, frustrated feelings, mood, and/or affect; distorted, irrational, and/or impulsive thought processes; and sometimes limited

5

progress. ECF No. 15:11 (citing Tr. 199-202, 206, 209-210, 212-214, 217-224, 227, 229-233, 236, 238-245, 247-261, 263-275, 418-420, 422-423, 425-431).

Plaintiff also argues that because the ALJ failed to discuss Ms. Livesay's mental status forms, there is no discussion in his decision regarding Ms. Livesay's references to paranoia, extreme impulsivity, illogical thinking, poor motivation, chronic emotional problems, extremely poor social skills, being easily angered, poor grooming, angry and agitated attitude, tangential speech, depressed and irritable affect, monthly suicidal thoughts, blaming of others, scratching herself, and illogical, distorted, and often grandiose thinking noted in those forms. (Tr. 15:11) (citing Tr. 16, 413, 482).

The Plaintiff also notes that the ALJ mischaracterized the frequency and longitude of Ms. Livesay's counseling relationship with Plaintiff. ECF No. 15:11. The ALJ referred to monthly counseling, whereas Plaintiff points to the medical record showing that she saw Ms. Livesay from two to six times a month from November 2007 through June 2010. ECF No. 15:11 (almost 90 visits).

The Commissioner responds that the ALJ's assignment of "little weight" to the mental status forms of Ms. Livesay "demonstrates that he properly considered them in relation to the record as a whole." ECF No. 16:3. She argues that the ALJ's summary of the weight he gave to the mental status exams should be viewed with "common sense," and that the Court cannot hold an ALJ to technical perfection. ECF No. 16:4. The Commissioner argues, "it is obvious that the ALJ properly discounted Ms. Livesay's mental status forms; otherwise he would not have developed the mental RFC that he

6

did." She also claims that Ms. Livesay's treatment notes do not contain any significant objective findings. ECF No. 16:5. The Commissioner claims that her counselors never suggested inpatient treatment, "which would have occurred if Plaintiff was truly disabled as she would like us to find." ECF No. 16:6.

Finally, the Commissioner argues that the treatment notes of the "medically acceptable" sources "further support the ALJ's conclusion that Ms. Livesay's mental status forms were entitled to little weight." ECF No. 16:7. She then goes on to discuss the findings of Dr. Laurie Clemens and those of the state agency medical consultants. *Id.*

In reply, Plaintiff argues that Ms. Livesay's treatment notes contain numerous references to her objective findings regarding Plaintiff: depressed, angry, tense, anxious, overwhelmed, worried, frustrated feelings, mood, affect; distorted, irrational, and/or impulsive thought processes; and sometimes limited progress ECF No. 17:3. The Commissioner also notes that no case or regulation has ever required inpatient mental health treatment to qualify for disability. ECF No. 17:5.

Plaintiff characterizes the Commissioner's argument as a post-hoc rationalization, but even if such is considered, contends that the findings of the consultative examining psychologist that were accepted by the ALJ are not in conflict with the notes of Ms. Livesay. ECF No. 17:7.

In light of the foregoing, the ALJ was not entitled to reject Ms. Livesay's opinion evidence and treatment notes in such a conclusory fashion. Accordingly, the

7

undersigned finds that the ALJ's lack of consideration of the relevant factors in considering the opinion of Ms. Livesay is reversible error. *See Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007).

The Commissioner's attempt to provide reasons why the ALJ might have given Ms. Livesay's notes and opinion little weight if he had engaged in the proper analysis is a "post hoc effort to salvage the ALJ's decision" and "would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." 509 F.3d at 1302 ("The Commissioner's post hoc argument supplying possible reasons for the ALJ's seeming rejection of [the nurse practitioner's] opinions is unavailing.").

In sum, the ALJ failed to engage in any meaningful consideration of Ms. Livesay's treatment notes or opinions under SSR 06–3p. And, this failure is particularly troubling because she was almost exclusively Plaintiff's only health care provider, she provided a basis for her findings, and her opinion would undermine the RFC findings and thus could have an effect on the outcome of the case. Accordingly, remand is required.

In light of the recommended disposition of this appeal, it is unnecessary to address Plaintiff's second claim of error. However, the undersigned notes that it is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence. *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). Thus, on remand, the ALJ must take care to explain any significantly probative and conflicting evidence he chooses to reject.

## RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection should be filed with the Clerk of the District Court by **July 14, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on June 30, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE